# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

      V.              :        **CRIM. NO. 03-393-1**

**JOAQUIN FOY**           :

## O R D E R

AND NOW, this _____ day of _____, 2015, on consideration of the remand from the Third Circuit Court of Appeals with instructions to consider upon remand whether the matter should be transferred to the Western District of Missouri, or should be dismissed for lack of jurisdiction, it is hereby ORDERED that the matter is hereby dismissed for lack of jurisdiction.

    **AND IT IS SO ORDERED.**

                                      **EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIM. NO. 03-393-1 |
| JOAQUIN FOY | : | |

**GOVERNMENT'S STATEMENT OF POSITION REGARDING INSTRUCTIONS FROM THE THIRD CIRCUIT COURT OF APPEALS**

The United States of America, by the undersigned attorneys, provides its position to the Court pursuant to this Court's order of October 7, 2015, requiring each party to advise the Court if its position with regard to whether the matter should be transferred to the Western District of Missouri or dismissed for lack of jurisdiction. The government's position comports with the majority suggestion of the Court of Appeals that the matter should be dismissed for lack of jurisdiction.

In this matter, which involves a long procedural history dating back more than a decade, Joaquin Foy is committed pursuant to an order of the District Court for the Western District of Missouri, under 18 U.S.C. § 4246. That court found in September 2007 that Foy, who no longer faced criminal charges at that time, was suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for state custody

and care of the person were not available, such that confinement was warranted under Section 4246.

Upon reevaluations in subsequent years, examiners opined that Foy could safely be released on conditions, including release to a group facility on a prescribed course of treatment. Foy, however, consistently refused any conditions of release and insisted that he will only accept an unconditional release. He accordingly has not been released.

Over the years, Foy has filed literally scores of habeas and other petitions in the Western District of Missouri and elsewhere, without success. In this district, on November 18, 2010, long after criminal charges in this district were dismissed, Foy filed a motion under Federal Rule of Civil Procedure 60(d)(3), asserting that his commitment was the product of fraud. The motion was difficult to decipher, but appeared to allege judicial misconduct, and "collusion" between the government and the Court. This motion was filed just three months after Foy filed another of his motions to dismiss the commitment order in the Western District of Missouri. On December 6, 2010, this Court denied the 60(d)(3) motion.

Foy filed a pro se notice of appeal. The Third Circuit initially listed the matter for summary disposition, but then, on March 28, 2011, appointed counsel for Foy, and set the matter for briefing. On October 5, 2015, the Court of Appeals entered a precedential opinion, finding that the District Court lacked jurisdiction over Foy's motion, and vacating the order denying the 60(d)(3) motion. The Third Circuit remanded the matter to this Court to consider whether the motion should

be transferred to the Western District of Missouri, or simply dismissed for lack of jurisdiction.

The Court of Appeals analyzed whether jurisdiction exists in this case under a variety of statutes and rules, including 18 U.S.C. § 4247(h), Federal Rules of Civil Procedure 60(b) and (d), and 28 U.S.C. §§ 2241 and 2255. In each instance, the Court found that there is no jurisdiction in the Eastern District of Pennsylvania to address Foy's claims, as he remains committed pursuant to an order entered by the District Court in the Western District of Missouri, which was the district in which Foy was housed in a medical facility at the time that the complaint against him in this Court was dismissed. Following proper procedure, that District Court held on September 12, 2007, that Foy be committed pursuant to Section 4246(d). The Eighth Circuit affirmed that order when Foy appealed.

The present question is whether Foy's 60(d)(3) motion in this Court should be transferred, or dismissed. The guiding statute appears at 28 U.S.C. § 1631, which provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The matter is committed to the Court's discretion. Common factors for consideration include whether the action is frivolous; whether the litigant acted in

good faith; and whether the action would be barred as untimely absent transfer. *See, e.g., Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996).

Here, a transfer of the action, as opposed to dismissal, is utterly pointless, and for that reason should not occur.

First, the motion is frivolous. Foy's motion, asserting a fraud on the court, is largely unintelligible. Separately, there is presently no known basis for his release. The directors of the facilities in which Foy has been housed have opined that he may be released consistent with the statute if he abides by a prescribed regimen, but Foy has consistently refused to comply with any conditions. Therefore, he has not been released, and there is no reason to think that the present situation has changed at all.

> The majority of the Court of Appeals stated:
>
> Foy refuses to accept conditions on his release, even though he could have been released as early as 2009 if he had been willing to do so. Although Judge Krause [in her partial dissent] indicates that conditions on Foy's release could be enforced even if he does not consent to them, Foy's refusal to agree to such conditions signals that he would not regard himself as bound by them and forewarns of trouble to come if he is released. Moreover, if he does not abide by the conditions of release there could be serious consequences before steps could be taken to enforce the conditions. In this regard, Foy's Rule 60 motion sought nothing less than his immediate and unconditional release from custody. Given Foy's sole aim of securing immediate and unconditional release and his unwillingness to accept anything less, arguably "the interests of justice [would be] best served by terminating this litigation because its continuation wastes judicial resources while moving [him] no closer to [his] goal." *LeBlanc v. Holder*, 784 F.3d 206, 210 (4th Cir.2015).
>
> Moreover, it seems clear that it would be a futile waste of judicial and party resources to transfer the case to the Western District of Missouri as within the last year on October 21, 2014, that court denied Foy the relief he seeks

- 4 -

here. *See Campbell v. Office of Pers. Mgmt.*, 694 F.2d 305, 309 n. 6 (3d Cir.1982).

*United States v. Foy*, -- F.3d --, 2015 WL 5781505, at *7 n.7 (3d Cir. Oct. 5, 2015).

Second, there is no time bar on a new action by Foy in the Western District of Missouri. Under 18 U.S.C. § 4247(h), he may file with the court that ordered the commitment a motion for a hearing to determine whether he may be discharged. Such a motion may be file repeatedly, so long as 180 days have passed since the last court determination that the person should continue to be committed. To our knowledge, there has been no such order during the past 180 days. The Third Circuit majority observed this as well, stating:

> Moreover, the interest of justice does not require a transfer here to protect Foy's rights because if Foy changes his mind regarding his desired relief, a determination that the Eastern District Court did not have jurisdiction would not pose an obstacle to him if he initiates a new case as § 4247(h) authorizes committed individuals to file successive motions for discharge and the government has the ongoing duty to seek a conditional release or placement for him in a state facility. The situation here therefore differs from a case where a transfer is necessary to preserve a litigant's substantive interests, such as would be the situation when a statute of limitations has run so that if the litigant is required to institute a new proceeding to seek relief, his complaint would be subject to dismissal as untimely.

*Foy,* 2015 WL 5781505, at *7 n.7.

Foy is no stranger to his right to file legal actions. During the past decade, he has filed nearly 100 actions in district and appellate courts. Just this year, he filed actions under 28 U.S.C. § 2241 in the District of New Jersey (*Foy v. Super-Rich Members of the Illuminati*, No. 15-1869), and the District of Minnesota (*Foy v. U.S. Government,* No. 15-1901), where he is presently housed.

These actions are invariably dismissed, as the pleadings are ordinarily nonsensical. But if present counsel wishes to serve Foy, the proper course is not to keep pressing this frivolous 60(d)(3) action, but instead to pursue appropriate relief in the district which committed Foy. That course may be undertaken promptly whether this Court transfers this matter or not. Foy could agree to abide by the prescribed conditions of release, at which point the director of his current facility would be required to act under 18 U.S.C. § 4246(e) and seek Foy's discharge. And if that does not happen, there is no bar to immediate litigation of Foy's complaints in the Western District of Missouri. While we respectfully disagree with Judge Krause that Foy "has raised compelling statutory and due process arguments here," *Foy*, 2015 WL 5781505, at *7 n.1 (Krause, J., dissenting), her view certainly deserves respect, and may be the subject of consideration in Missouri as soon as counsel raises the matter there.

In light of all of these options, the transfer of the meritless 60(d)(3) action is not in the interests of justice, and is instead a waste of time and judicial resources. This Court should simply dismiss this action for lack of jurisdiction.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Kathy A. Stark*
KATHY A. STARK
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Mary Gibbons, Esq.
>600 Mule Road, #16
>Toms River, NJ   08757

>*/s Kathy A. Stark*
>KATHY A. STARK
>Assistant United States Attorney

Date: October 21, 2015.